# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

PATRICIA ERDMAN,                                     )
                                                     )
      Plaintiff,                                 )
                                                     )
vs.                                                  )    Case No.: _____
                                                     )
STATE FARM VP MANAGEMENT                             )
CORP. a/k/a-d/b/a STATE FARM                         )
MUTUAL a/k/a-d/b/a STATE FARM                        )
INSURANCE COMPANIES, a/k/a-                          )
d/b/a STATE FARM,                                    )
Employer, LIFE INSURANCE CO.                         )
of NORTH AMERICA, A CIGNA                            )
COMPANY, Insurer,                                    )
and CIGNA GROUP INSURANCE,                           )
Third Party Administrator,                           )
                                                     )
      Defendants.                                )

## COMPLAINT

COMES NOW Patricia Erdman, by and through counsel, D. Russell Thomas and Melinda K. Brown, who brings this suit for recovery of long term disability benefits under the Employee Retirement Income Security Act of 1974 and who would state and show as follows:

I.

Plaintiff resides at 4188 Sulphur Springs Road, Murfreesboro, Tennessee 37129. She is thus a resident of the Middle District of Tennessee.

II.

Plaintiff is a former employee of State Farm VP Management Corp. a/k/a-d/b/a State Farm Mutual a/k/a-d/b/a State Farm (hereafter "State Farm") and was employed at 2500 Memorial Blvd., Murfreesboro, TN 37131, Rutherford County, in the Middle District of Tennessee.

III.

While employed by the Defendant, State Farm, Plaintiff was covered by Defendant State Farm Insurance Company's Long Term Disability Insurance Plan. The Plan was, at all relevant times hereto, underwritten by Life Insurance Company of North America, a Cigna Company and administered by Cigna Insurance Group. Upon information and belief, the underwriter and plan administrator have primary places of business in Bloomfield, Connecticut and Philadelphia, Pennsylvania.

IV.

Plaintiff avers that the Long Term Disability Plan (hereinafter referred to as the "Plan") is an employee benefit and is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (hereinafter ERISA). Plaintiff further avers that the Defendant employer, insurer, and plan administrator are "fiduciaries" of the Plan under ERISA, 29 U.S.C. § 1102 and that she was a Plan Beneficiary at all times relevant times hereto.

V.

Over the period of some ten years or more preceding her final termination from employment with the Defendant State Farm, Plaintiff suffered from a series

of physical and emotional illnesses and injuries. These injuries and illnesses include (but are not limited to) spondylosis, knee arthroscopy and meniscus surgery, shoulder arthroscopy and rotator cuff repair, carpal tunnel release, hip arthroscopy, degenerative joint disease, bulging discs at L3-4, diabetes mellitus, pancreatitis, fibromyalgia syndrome, depression, and severe rheumatoid arthritis.

VI.

During this period of time, Plaintiff was employed as a claims processor with the Defendant State Farm. Plaintiff worked for Defendant State Farm from 1985 through January 14, 2013, although her last date of actually working in the facility was in March, 2012. Following her final date of actual work for the Defendant State Farm, Plaintiff applied for long-term disability benefits through the Defendant Plan Administrator, Cigna, in July of 2012. The claim was denied on September 21, 2012. Thus suit is timely filed within the three (3) year period.

VII.

Plaintiff avers that she is 100% permanently and totally disabled as a result of one or a combination of the aforementioned illnesses and injuries; that she became so while in the employ of Defendant State Farm; and that she became so while covered under the subject long-term disability policy. Plaintiff therefore avers that she is entitled to full benefits under the long term disability plan.

VIII.

Plaintiff avers that the Defendants are guilty of breaches of their fiduciary duties of individual loyalty and prudently administrating the claim owed to her as

a beneficiary under the Plan. The Defendants acted in an arbitrary and capricious manner in denying the claim which denial is not rational in light of the plan's provisions. Plaintiff further avers that she is entitled to maintain an individual action to recover benefits due her under the Plan, to enforce her rights under the Plan, and for an equitable remedy for the Defendants' breach of their fiduciary duties. 29 U.S.C. § 1132(a)(1)(B); (a)(3)(B); Spangler v. Lockheed Martin Energy Sys., Inc., 313 F.3d 356 (6th Cir. 2002).

IX.

Plaintiff further avers that her premiums were fully paid and that she was improperly denied long-term disability benefits upon the arbitrary and capricious exercise of discretion by the Plan Administrator. The decision to deny her benefits is not based upon a rational analysis of the record or interpretation of the plan's provisions and should be overturned. The denial of benefits amounts to a breach of contract.

WHEREFORE, premises considered, Plaintiff respectfully requests the following relief:

1) That Defendants pay all the long-term disability benefits owed to her as a beneficiary under the Plan plus interest;

2) That Defendants be required to pay Plaintiff's reasonable attorneys' fees and costs in connection with this action pursuant to 29 U.S.C. § 1132(g);

3) That Plaintiff have such other, further, general, and equitable relief as justice shall require.

Respectfully submitted,

D. Russell Thomas, #6014
Melinda K. Brown, #29070
Attorneys for Plaintiff
138 S. Cannon Avenue
Murfreesboro, TN 37129
(615) 848-1818

BY: _____

BY: _____